# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| VANN BURCHFIELD, individually and as a representative of the Class defined herein,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN WATTS GOLF SHOPS, LLC, corporation<br><br>Defendant. | CASE NO. _____ |

## CLASS ACTION COMPLAINT

Plaintiff Vann Burchfield (hereinafter "Plaintiff"), on behalf of himself and the Class defined herein, states the following as his Complaint against Defendant Edwin Watts Golf Shops, LLC (hereinafter "Edwin Watts"):

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under its diversity jurisdiction, 28 U.S.C. § 1332, as the parties are diverse, and the amount in controversy is greater than $75,000.00

2. Venue is proper in this action under 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. Vann Burchfield is over The age of nineteen (19) years, and is a resident of Jefferson County, Alabama.

4. Defendant Edwin Watts is a Florida Limited Liability Company licensed to do business in Alabama.

## FACTS

5. Edwin Watts operates a chain of golf equipment, accessory, and repair stores in fifteen (15) states. Upon information and belief, Edwin Watts operates more than ninety (90) stores in those states.

6. In addition to offering a full line of golf merchandise, Edwin Watts stores offer repair and maintenance work on golf equipment such as re-shafting and re-gripping clubs, and other golf club repair work.

7. Sometime shortly before December 3, 2012, Plaintiff took a set of golf clubs to the Edwin Watts location at 189 State Farm Parkway in Birmingham, Alabama to be re-gripped.

8. He was informed that there would be charges for the materials, i.e., the rubber grips that go on each club, and a labor charge for each club. The grips cost $6.25 per grip, and Edwin Watts charged $2.99 per grip for the labor involved.

9. Attached hereto as Ex. A is the receipt from December 3, 2012, when Plaintiff picked up his golf clubs, showing labor charges of $2.99 for eight (8) clubs, totaling $23.92; and $6.25 for eight grips, totaling $50.00.

10. Total sales taxes for the retail sale of goods in Birmingham, Alabama, including State sales tax, is nine percent (9%). That 9% was added to the sum of both charges ($73.92). The sales tax collected was $6.65, for a total of $80.57.

11. Under Alabama law, Ala. Admin. Code R. § 810-6-1-84, labor incidental to the repair of personal property is not taxable.

12. Plaintiff, and all other customers of this Edwin Watts location, have been overcharged State sales tax on the labor portion of their bills.

13. The customers have no choice but to pay this sales tax, which is against public policy, because at that time they are presented with the bill, Edwin Watts has possession of their golf clubs, and will not release them to the customers until the bill is paid in full.

14. Not only does Edwin Watts incorrectly charge sales tax for labor or re-gripping, but it does so on its other repair and refurbishing services as well, such as re-shafting golf clubs.

15. Upon information and belief, Edwin Watts's computer billing system automatically charges sales tax on the entire amount, where part of amounts for

3

repair work are not taxable. This occurs, upon information ane belief, at all Edwin Watts locations throughout the United States.

16. In every state in which Edwin Watts operates, labor on personal property is either not subject to state sales tax at all, or is taxed at a lower rate. This means that every Edwin Watts location charges tax on labor at the same rate it charges tax on the sale of goods, it is overcharging its customers.

## CLASS ACTION ALLEGATIONS

17. <u>Class Definition</u>: Pursuant to Fed.R.Civ.P. 23(b)(1), (2) and (3), Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed Plaintiff Class. The proposed Plaintiff Class is defined as follows:

> All persons in the United States who had repair or refurbishing services completed on golf clubs, which were performed by Edwin Watts, between December 21, 2006 and the present, and where Edwin Watts charged the State sales tax rate for the sale of goods for those personal property services.

18. <u>Numerosity</u>: The members of the Class are so numerous that their individual joinder would be impracticable in that: (a) the Class includes thousands, if not hundreds of thousands of individual members; (b) the precise number of Class members and their identities are unknown to Plaintiff but are well known to

Edwin Watts and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the thousands of individual Class members to be individually represented in separate actions; and (d) the relatively small amount of damages suffered by some of the Class members does not make it economically feasible for those Class members to file an individual action to protect their rights.

19. <u>Commonality/Predominance</u>: Common questions of law and fact predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Edwin Watts is liable to Plaintiff and the Class for violations under the legal theories advanced herein;

   b. Whether Edwin Watts has established and unlawfully calculated sales tax on labor charges for golf club repair work;

   c. Whether each state's laws allow sales tax to be charged for repair services or whether those services are to be taxed at a lower rate;

   d. Whether Edwin Watts should be enjoined from further violations of the state tax laws; and

   e. Whether Edwin Watts systematically makes the charges complained of.

20. <u>Typicality</u>: Plaintiff is typical of the claims of the Class members. Plaintiff and all Class members have been injured by the same wrongful practices

engaged in by Edwin Watts. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

21. <u>Adequacy</u>: Plaintiff will fully and adequately assert and protect the interests of the Class.  Plaintiff retained counsel who is experienced in class actions and complex mass tort litigation. Neither Plaintiff nor their counsel have interests contrary to or conflicting with the interests of the Class.

22. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the Class members is economically unfeasible and impractical.  While the aggregate amount of the damages suffered by the class is in the millions of dollars, the individual damages suffered by each of the Class members as a result of the wrongful conduct by Edwin Watts are too small to warrant the expense of individual lawsuits.  Even if the individual damages were sufficient to warrant individual lawsuits, the court system would be unreasonably burdened by the number of cases that would be filed.

23. Plaintiff does not anticipate any difficulties in the management of this litigation.

## COUNT I
### (Class Claim for Breach of Contract)

24. Plaintiff, on behalf of the Class he seeks to represent, incorporates each of the preceding paragraphs as if fully set forth herein.

25. Plaintiff and the Class contracted with Edwin Watts for the sale of certain services, i.e., repair and refurbishing services of golf clubs. Those services are most often sold along with golf club components such as grips, heads, or shafts, which complete the repair. Part of that contract was that Edwin Watts would collect the sales tax due on the transactions, but only sales tax rightfully due to be collected.

26. Edwin Watts has breached this contract by either: (a) charging state sales tax on repair services, where none is due; or (b) charging a higher sales tax rate on labor than the law allows.

WHEREFORE, Plaintiff and the Class seek damages and demand judgment, in an amount to be determine by struck jury.

## COUNT II
### (Class Claim for Monies Had and Received)

27. Plaintiff, on behalf of the Class he seeks to represent, incorporates each of the preceding paragraphs as if fully set forth herein..

28. In charging sales tax that is not due, Edwin Watts has received, and continues to receive, monies rightfully belonging to Plaintiff and the Class.

29. These unlawfully obtained monies are due to be refunded to the Class.

WHEREFORE, Plaintiff and the Class seek damages and demand judgment, in an amount to be determine by struck jury.

## COUNT III
**(Class Claim for Fraud)**

30. Plaintiff, on behalf of the Class he seeks to represent, incorporates each of the preceding paragraphs as if fully set forth herein.

31. Defendant represented to Plaintiff and the Class that sales tax was due on repair services, as opposed to component parts, or that it was due at the higher sale of goods rate.

32. These representations were false at the time they were made. These representations were made either with the knowledge that they were false, or made recklessly, wantonly, or negligently.

33. These representations were relied upon in that Plaintiff and the Class paid sales tax that they otherwise would not have paid, and never owed.

WHEREFORE, Plaintiff and the Class seek damages and demand judgment, in an amount to be determine by struck jury.

## COUNT IV
### (Class Claim for Unjust Enrichment)

34. Plaintiff, on behalf of the Class he seeks to represent, incorporates each of the preceding paragraphs as if fully set forth herein.

35. In collecting monies for sales tax that is not due, Edwin Watts has been unjustly enriched.

36. It would be inequitable for Edwin Watts to retain monies it unlawfully obtained.  As such, the sales tax revenue Edwin Watts unlawfully collected are due to be disgorged.

WHEREFORE, Plaintiff and the Class demand judgment that the monies Edwin Watts illegally obtained be disgorged, and paid to the Plaintiff and the Class.

## COUNT V
### (Class Claim for Injunctive Relief)

37. Plaintiff, on behalf of the Class he seeks to represent, incorporates each of the preceding paragraphs as if fully set forth herein.

38. Edwin Watts's practice of unlawfully collecting sales tax that is not due will continue if not enjoined, and there is no adequate remedy at law to stop the Class and future customers from continuing to be injured in the fashion set forth above.

39. As such, injunctive relief is proper in the form of:

   a. An injunction requiring Edwin Watts to cease collecting sales tax for labor where no sales tax is due, or to require Edwin Watts to only tax at the lower, required rate.

   b. An injunction requiring Edwin Watts to modify its billing system such that only those items, upon which sales tax is actually owed are taxed, or ensuring that a lower labor tax rate is applied to labor.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable.

Dated: December 21, 2012

Respectfully submitted,

*/s/ B C*

_____
Brian M. Clark

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

Roger Charles Appell
LAW OFFICE OF ROGER C. APPELL
301 Nineteenth Street North
Birmingham, Alabama 35203
Phone: (205) 252-9462

**Please serve Defendant via Certified Mail at the following address:**

Edwin Watts Golf Shops, LLC
c/o its Registered Agent
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104