UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VANN BURCHFIELD, individually** ) | |
| **and as a representative of the Class** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CASE NO. 2:12-cv-4162-SLB** |
| ) | |
| **EDWIN WATTS GOLF SHOPS,** ) | |
| **LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff, Vann Burchfield, individually and as a representative of a proposed class, ("plaintiff") filed a Complaint on December 21, 2012, alleging five causes of action against defendant, Edwin Watts Golf Shops, LLC ("defendant"), for allegedly charging him sales tax on labor incidental to the repair of personal property in violation of Alabama law.[1] (*See* doc. 1 ¶¶ 10-16); Ala. Admin. Code r. 810-6-1-.84.  He makes claims for (1) breach of contract, (2) monies had and received, (3) fraud, (4) unjust enrichment, and (5) injunctive relief.  (*See* doc. 1 ¶¶ 24-39.)  The Complaint alleges that the court has subject-matter jurisdiction over this action based on diversity jurisdiction in accordance with 28 U.S.C. §

---

[1] Specifically, plaintiff alleges that he took eight golf clubs to be regripped at defendant's store. (Doc. 1 ¶¶ 7, 9.) He claims that defendant then charged nine percent sales tax on the total price of the labor plus materials, which was $73.92 before tax, as opposed to simply charging the nine percent tax on the materials alone, which cost $50.00 before tax. (*Id.* ¶¶ 9-10.)

1332. (Doc. 1 ¶ 1.) It states that "the parties are diverse, and the amount in controversy is greater than $75,000.00. (*Id.*) It further states that the named plaintiff is a resident of Alabama, while defendant is a "Florida Limited Liability Company licensed to do business in Alabama." (*Id.* ¶¶ 3-4.) Finally, the Complaint states that plaintiff was charged a total of $6.65 in sales tax by defendant, (*id.* ¶ 10), however, he claims that only the nine percent sales tax collected on the labor fee was in violation of Alabama law, which amounts to a total of $2.15.[2]

This court "may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims." *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(h)(3); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007)). Federal law provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). Accordingly, a plaintiff must allege that (1) the amount in controversy is greater than $75,000, and (2) the plaintiff and defendant are citizens of different states. (*Id.*)

Because the court questioned whether subject matter jurisdiction based on diversity was proper, the court issued a Show Cause Order, (doc. 20), which required plaintiff to show cause why his Complaint should not be dismissed for lack of subject-matter jurisdiction. For

---

[2] Though plaintiff does not directly specify in the Complaint that his alleged damages are $2.15, this amount is nine percent of the $23.92 labor charge. (*See* doc. 1 ¶¶ 9-10.)

the reasons set forth below, the court concludes that plaintiff has failed to establish the existence of subject-matter jurisdiction; therefore, the case is due to be dismissed.

Plaintiff's Complaint alleges that the court has diversity jurisdiction over this action because the parties are diverse and the amount in controversy is greater than $75,000. (Doc. 1 ¶ 1.) The statute governing diversity jurisdiction, 28 U.S.C. § 1332, states that "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

Of concern in the present proposed class action suit is whether the threshold amount in controversy has been satisfied. (*See* doc. 20 at 2-4.) Class representative Vann Burchfield[3] alleges only nominal damages that do not come close to approaching $75,000. In the case of a proposed class action that is not brought under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (2006), or any suit with more than one plaintiff, plaintiffs generally may not aggregate their claims to reach the $75,000 threshold. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002); *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 (11th Cir. 2001).

The general rule in cases involving multiple plaintiffs is that "separate and distinct" claims may not be aggregated to reach the required amount in controversy. *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294-95 (1973); *see also Snyder v Harris*, 394 U.S. 332 (1969).

---

[3] Mr. Burchfield is currently the only named plaintiff in this case.

Plaintiff essentially concedes that if the general rule were applicable, this court would not have subject-matter jurisdiction over his case. (Doc. 22 ¶ 4.) However, to avoid this result, plaintiff argues that the claims in question are not distinct, but rather make up a common fund, thus falling under a narrow exception to the general rule. (*Id.* ¶¶ 4-8.) Plaintiff argues that because, here, the "monies collected were remitted to the state of Alabama[] in the aggregate," (*id.* ¶ 6), a common and undivided interest exists, (*id.* ¶ 7). Finally, plaintiff asserts that "[a]ggregated claims 'often involve an attempt to enforce a right that belongs to a group,'" (*id.* ¶ 8), and that plaintiffs in this case attempt to enforce their right to have sales tax properly charged, (*id.*).

Defendant responds that the single title or right exception is a narrow one that does not apply to plaintiff's claims. (Doc. 24 at 3.) Defendant focuses on the fact that in order to aggregate claims, plaintiffs must have a "joint interest in th[e] fund." (*Id.* at 4.) It further argues that because each plaintiff made an individual payment, the claims are not dependent upon one another (i.e., one plaintiff's recovery would not affect another plaintiff's recovery), and plaintiff thus cannot claim jurisdiction based upon the common fund exception. (*Id.* at 4-7.) The court agrees with defendant.

As defendant has noted, the common fund exception to the non-aggregation principle is a narrow one—one that, as plaintiff has observed, is typically applied in cases involving "claims for a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral." (Doc. 22 ¶ 5.) Explained by the Supreme Court in *Zahn v. International Paper*

*Co.*, 414 U.S. 291, 295 (1973), the exception provides that multiple plaintiffs may aggregate claims to satisfy § 1332(a) when they seek "to enforce a single title or right, in which they have a *common and undivided interest* . . . ." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) (emphasis added) (quoting *Zahn*, 414 U.S. at 295) (internal quotation marks omitted). Although defining what distinguishes a "common and undivided interest" has sometimes proven difficult, the Eleventh Circuit discussed the common fund exception and its applicability in *Morrison v. Allstate Indemnity Co*., 228 F.3d 1255 (11th Cir. 2000).[4]

In *Morrison*, the Eleventh Circuit discussed how "the Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy." *Morrison*, 228 F.3d at 1263 (citing *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963)). In considering when to permit aggregation, *Morrison* instructs that aggregating claims requires plaintiffs to meet a high bar,

> so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation . . . ."

*Id.* (emphasis added) (quoting *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963)). Stated differently, *Morrison* asks whether the court can grant individual relief to each plaintiff without affecting the rights of his or her co-plaintiffs, or, conversely, whether

---

[4] Both parties rely on *Morrison* to support their arguments. (Doc. 22 ¶¶ 4-5, 7; doc. 24 at 3-6.)

the claims are dependent so that they must be decided in one fell swoop to protect against some form of prejudice. *See id.* If the court *can* grant individual relief without affecting the rights of co-plaintiffs, the claims are "separate and distinct." *See, e.g.*, *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1354 (11th Cir. 2005) (not allowing aggregation of claims because "[e]ach plaintiff could have brought a separate suit" and any individual recovery would not have "any effect on the rights of co-plaintiffs"). Alternatively, if the court *cannot* grant individual relief without affecting the rights of co-plaintiffs, the claims are "common and undivided." *See, e.g.*, *Hardy v. Jim Walter Homes, Inc.*, CIV A 06-0687-WS-B, 2007 WL 1889896, *4 n.8 (S.D. Ala. June 28, 2007) (noting that plaintiffs had rights in a home, constituting a common and undivided interest, and that claims were therefore properly aggregated).

In the present case, all of plaintiff's claims for relief are based upon taxes that defendant allegedly wrongfully charged to individual customers.[5] (*See* doc. 1 ¶¶ 12-16, 24-38.) More specifically, each plaintiff allegedly paid a varying amount of taxes for particular services provided to them by defendant, (*see* doc. 1 ¶ 12), and each plaintiff's claim rests upon an *individual* transaction. Despite this observation, plaintiff argues that the claims in question qualify as a common fund because the monies are collected together and processed in one transaction. (Doc. 22 ¶¶ 6-7.) Plaintiff further asserts that because relief cannot be granted without affecting the amount of money contained in the alleged "common fund," the

---

[5] It is worth noting that plaintiff's claim for injunctive relief, though a much broader remedy, still arises from these alleged individual harms.

claims cannot be considered separate and distinct. (*Id.* ¶ 8.)  This court does not agree with either argument.

As the Eleventh Circuit stated in *Morrison*, the mere presence of a common fund from which plaintiffs seek relief is not sufficient: for aggregation to be proper, there must also be a joint interest in the fund, making the determination of each claim necessarily dependent on the adjudication of the other claims.  *See Morrison*, 228 F.3d at 1263.  Because of the separate nature of each claim here, it cannot be said that a plaintiff's right to relief is dependent on the adjudication of the claims taken together.  Granting individual relief would simply subtract the amount allegedly owed to each plaintiff from the entirety of any existing fund—an amount which could increase or decrease, depending on the number of plaintiffs in the lawsuit and the damages that each claimed to have incurred.  Accordingly, no plaintiff's individual claim is affected by any other plaintiff's individual claim, and a judgment in one plaintiff's favor would not place in doubt any other plaintiff's ability to recoup the entire amount that he or she alleges is owed.  This rationale is best clarified by an Eleventh Circuit case cited by defendant, (doc. 24 at 5-6), explaining precisely what the court is attempting to articulate:

> We conclude that Friedman and the other putative class members have separate and distinct claims, which do not constitute common and undivided claims to a common fund.  Friedman and each of the other plaintiffs each claims a right to damages, namely a right to be reimbursed for the amounts that each has overpaid in premiums, which overpayments they allege violate Florida law.  Each plaintiff could have brought a separate suit.  If plaintiffs prevail, each plaintiff will recover precisely the amount of his or her overpayment (whether in the same or different amounts) without any effect

> on the rights of co-plaintiffs. Moreover, there is no common fund; the plaintiffs do not seek distribution of the face amount of the policy; rather, each plaintiff seeks only reimbursement of the amount he or she overpaid in premiums.
>
> . . . .
>
> To see the difference between the instant case and the cases involving common fund scenarios subject to aggregation, it is useful to consider a hypothetical that simplifies the facts of the instant case and provides, for illustrative purposes only, some figures. Suppose that Friedman's class initially had 50 members and that, if each prevailed on the merits and the court ordered repayment of the disputed premiums, each member would receive the amount that he or she had overpaid in premiums. Suppose further that the overpayment amount is the same for each class member and that the overpayment amount is $2,000. Finally, suppose that 45 class members lose interest in the case and drop out, leaving only 5 members in the class. Each of the remaining 5 members would receive the same $2,000 he or she would have received prior to the departure of the others. Conversely, if the class grew to 200 members, the original 50 would not see their recovery in any way diminished.
>
> . . . .
>
> Contrast the situation described in our hypothetical with the paradigmatic common fund case, in which multiple plaintiffs assert "claims to a piece of land, a trust fund, an estate, an insurance policy, or lien, or an item of collateral . . ." *Gilman* [*v. BHC Securities, Inc.*,] 104 F.3d [1418,] 1424 [(2d Cir. 1997)]. In those cases, one plaintiff's decision to drop his or her claim results in that plaintiff's share being divided up among the remaining claimants. Conversely, the addition of new plaintiffs results in a proportionate reduction of the original claimants share of the pie.

*Friedman v. New York Life Ins. Co*, 410 F.3d 1350, 1354, 1356, 1356 n.4 (11th Cir. 2005).

Accordingly, though it may be true that, as plaintiff alleges, (doc. 22 ¶¶ 6-7), defendant remits the taxes collected from its customers in a single transaction to the State, the method in which these funds are processed is not determinative. Instead, as discussed

earlier, *Morrison* instructs that a court must analyze the co-plaintiffs' relationship when their respective interests are taken as a whole to see whether they are "separate and distinct" or "common and undivided." *See Morrison*, 228 F.3d at 1263. And in light of the comprehensive analysis offered above by *Friedman v. New York Life Ins. Co*, 410 F.3d 1350 (11th Cir. 2005), the court is satisfied that the plaintiffs in this case do not have "common and undivided" claims, because they clearly do not have a joint interest in the subject of the litigation. Again, the issue turns on whether co-plaintiffs' *rights* are affected, not whether the alleged common fund is affected. *See Morrison*, 228 F.3d at 1263. Consequently, any plaintiffs in this suit cannot aggregate their claims based on the common fund exception, and the case is due to be dismissed because the amount in controversy requirement of § 1332(a) is not satisfied.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff has failed to establish the existence of subject-matter jurisdiction over this action. An Order will be entered contemporaneously with this Opinion.

**DONE**, this 27th day of September, 2013.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE